IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE SANCHEZ | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | Civil No. 3:16-CV-1822-O |
| | § | (No. 3:13-CR-274-O-(03)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Jose Sanchez ("Movant"), a federal prisoner, filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. After considering his Section 2255 motion (ECF No. 2) and the government's response (ECF No. 6), the Court concludes that the Section 2255 motion should be dismissed with prejudice as time-barred.

**Applicable Background**

Movant pleaded guilty to conspiracy to possess with the intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to 248 months in prison with five years of supervised release.

Movant's direct appeal was dismissed on February 24, 2015, *see United States v. Sanchez*, 594 F. App'x 261 (5th Cir. 2015) (per curiam), and he did not file a petition for a writ of certiorari. On June 24, 2016, Movant filed this 28 U.S.C. § 2255 motion. He claims only that his firearm conviction is unconstitutional in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government responds that his Section

2255 motion is time-barred.  *See* ECF No. 6 at 5-7.

## Statute of Limitations

Movant's Section 2255 motion is time-barred.  "[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Here, Movant's statute of limitations began to run when his judgment of conviction became final.  *See* 28 U.S.C. § 2255(f)(1).  Movant's conviction became final on May 25, 2015, when the ninety-day period for filing a certiorari petition expired.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition

expires"). Movant had one year from that date–or until May 26, 2016–to timely file his Section 2255 motion. His motion, filed in June 2016, is untimely.

Movant argues that his motion is timely under Section 2255(f)(3) because he relies on a right that the Supreme Court announced in *Johnson*. But his reliance on that Section is misplaced. *Johnson* held that the Armed Career Criminal Act's residual clause was unconstitutionally vague. 135 S. Ct. at 2563. And, because *"Johnson* affected the reach of [the Armed Career Criminal Act,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect" in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

But Movant was not convicted of violating the Armed Career Criminal Act, and that is not the statute that he challenges here. Rather, he seeks to extend the reasoning of *Johnson* to his conviction for possessing a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). But, unlike the definition of "violent felony" at issue in *Johnson*, Section 924(c)'s definition of a "drug trafficking crime" has no residual clause. *See* 18 U.S.C. 924(c)(2) (defining drug trafficking crime). So *Johnson* has no application here. *See, e.g.*, *Laguna v. United States*, 3:16-CV-1713-L, 2016 WL 5794957, at *2 (N.D. Tex. Sep. 2, 2016), *rec. adopted* 2016 WL 5791623 (N.D. Tex. Oct. 4, 2016) (holding that Section 2255(f)(3) does not apply to a claim that *Johnson* invalidated a Section 924(c) conviction for possession of a firearm in furtherance of a drug trafficking crime). Because Movant's claim does not rely on any right announced in *Johnson*, Section 2255(f)(3) does not apply. Accordingly, his Section

2255 motion is untimely absent equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). To warrant equitable tolling, Movant must show that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because he has not met his burden to establish circumstances warranting equitable tolling, his motion is untimely.

## Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

## Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate

Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Movant elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

## Conclusion

This Section 2255 action is **DISMISSED** as time-barred.

**SO ORDERED** this **13th day** of **October, 2017**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**